Amber M. Spataro, Esq. (NJ Bar #036892008)
Scott C. Silverman (N.J. Bar No. 137112015)
**LITTLER MENDELSON, P.C.**
A Professional Corporation
One Newark Center, Eighth Floor
Newark, New Jersey  07102
973.848.4700
Attorneys for Defendants

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GILBERT WRAITH,<br><br>               Plaintiff,<br><br>vs.<br><br>WAYFAIR INC. AND WAYFAIR LLC,<br><br>            Defendants. | Civil Action No.  1:20-cv-6054<br><br>**NOTICE OF REMOVAL**<br><br>_**Electronically Filed**_ |

**TO:   THE CLERK AND THE HONORABLE JUDGES**
**        OF THE UNITED STATES DISTRICT COURT**
**        FOR THE DISTRICT OF NEW JERSEY**

Defendants Wayfair Inc. and Wayfair LLC (collectively, "Defendants") hereby file this Notice

of Removal of the above-captioned action to the United States District Court for the District of New

Jersey, from the New Jersey Superior Court, Law Division, Middlesex County, where the action is

now pending, as provided by Title 28, United States Code, Chapter 89 and state:

## INTRODUCTION

1.       Plaintiff Gilbert Wraith ("Plaintiff") commenced this action on April 17, 2020, by filing

a Complaint in the Superior Court of New Jersey, Law Division, Middlesex County, captioned _Gilbert_

_Wraith v. Wayfair Inc. and Wayfair LLC_, bearing Docket No. MID-L-002371-20 ("the State Court

Action").  The State Court Action is now pending in that court.

2.       Plaintiff served Defendants on April 20, 2020.  This Notice of Removal is filed within

30 days of the dates of service, as required by 28 U.S.C. § 1446(b).

3.      Attached hereto as **Exhibit A** is a copy of all process, pleadings and orders in the State Court Action, pursuant to 28 U.S.C. § 1446(a).

4.      The State Court Action is between citizens of different states and is a civil action over which the district courts of the United States have original jurisdiction by virtue of diversity jurisdiction granted by 28 U.S.C. § 1332.

5.      Plaintiff is an individual and a citizen and resident of New Jersey.  (**Exhibit A, Complaint pg. 2**)

6.      A corporation is deemed to be a citizen of both the state in which it was incorporated and the state where it has its principal place of business.  28 U.S.C. § 1332(c).  To determine a corporation's principal place of business, courts apply the "nerve center" test, which deems the principal place of business to be the state in which the corporation's officers direct, control, and coordinate the corporation's activities.  *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).  A corporation's principal place of business normally is the state in which it maintains its main headquarters.  *Id.; see also Brietman v. May Co. Cal.*, 37 F.3d 562, 564 (9th Cir. 1994) (using the "nerve center" test, corporation was citizen of state in which its corporate headquarters were located and where its executive and administrative functions were performed).

7.      Defendant Wayfair, Inc. is a corporation incorporated in Delaware and maintains its principal place of business in Massachusetts.  Thus, it is a citizen of Delaware and Massachusetts.

8.      For diversity purposes, a limited liability company's citizenship is determined based on the citizenship of each member of the company.  *See Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (9th Cir. 1998); *Johnson v. Columbia Properties Anchorage, LP* (9th Cir. 2006) 437 F.3d 894, 899.

9.      Defendant Wayfair, LLC was formed in the state of Delaware.  The sole member of LLC is SK Retail, Inc., which is incorporated in Massachusetts and its headquarters and corporate

offices are located in Boston, Massachusetts.  SK Retail, Inc. is, thus, a citizen of Massachusetts.

Hence, Defendant Wayfair LLC is a citizen of Massachusetts.

10.     The matter in controversy in the State Court Action exceeds the sum or value of $75,000, *see* 28 U.S.C. § 1332(a), computed on the following basis:

(a)     Plaintiff's Complaint alleges violation of the New Jersey Workers Compensation Act, N.J.S.A. 34:15-39.1, the New Jersey Law Against Discrimination, N.J.S.A., 10:5-1, *et seq.*, and the New Jersey Paid Sick Leave Law.  Plaintiff demands judgment for compensatory damages, back pay, front pay, lost benefits, punitive damages, emotional distress damages, attorneys' fees and costs, and other relief the Court may deem equitable and just.  (**Exhibit A**, **Complaint, pp. 7-9**).

(b)     According to a reasonable reading of the Complaint, Plaintiff's demand, and the amount in controversy, is in excess of $75,000.  *See Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3rd Cir. 1993) (where plaintiff does not set a limit for damages, the Court should make a reasonable reading of the value of the claim that plaintiff has asserted and come to an independent valuation of the amount plaintiff has claimed).

(c)     Plaintiff also seeks punitive damages.  "The Court must consider the plaintiffs' demand for punitive damages when calculating the amount in controversy, and can aggregate these damages with the requested compensatory damages."  *See Goralski v. Shared Technologies, Inc.,* Civ. A. No. 09-2461, 2009. U.S. Dist. LEXIS 69042 at *15-16 (D. N.J. Aug. 7, 2009) (citing *Golden v. Golden*, 382 F.3d 348, 355 (3d. Cir. 2004)) (noting that jurisdictional amount in controversy may be satisfied on the basis that the complaint seeks punitive damages)

11.     This Notice of Removal is being filed in the United States District Court for the District of New Jersey, the district court of the United States for the district and division within which the State Court Action is pending, as required by 28 U.S.C. §§ 1441(a) and 1446(a).

12.     Upon filing of the Notice of Removal, Defendants gave written notice thereof to the Clerk, Superior Court of New Jersey, Law Division, Middlesex County, pursuant to 28 U.S.C. §1446(d).  Attached as **Exhibit B** is a copy of the Notice to the Clerk of the Superior Court of the Filing of the Notice of Removal, the original of which is being filed with the New Jersey Superior Court Clerk, Law Division: Middlesex County, as required by 28 U.S.C. § 1446(d).

13.     Upon filing of this Notice of Removal, Defendants shall give written notice thereof to Plaintiff's counsel, Savo, Schalk, Gillespie, O'Grodnick & Fisher, P.A., 56 East Main Street, Suite 301, Somerville, New Jersey 08876, and shall file copies of this Notice of Removal with the Clerk, Superior Court of New Jersey, Law Division, Middlesex County, pursuant to 28 U.S.C. §1446(d).

14.     Attached as **Exhibit C** is a copy of the Notice to Adverse Party of Filing of Notice of Removal, the original of which is being served on Plaintiff's counsel pursuant to 28 U.S.C. § 1446(d).

15.     By filing this Notice of Removal, Defendants do not waive any defenses available to them at law, in equity or otherwise.

16.     If the Court should be inclined to remand this action, Defendants request that the Court issue an Order to Show Cause why the case should not be remanded, providing Defendants an opportunity to present briefing and argument prior to any possible review.  Because a remand order is not subject to appellate review, such a procedure is appropriate.

**WHEREFORE**, Defendants respectfully requests that this action proceed in this Court as an action properly removed to it.

**LITTLER MENDELSON, P.C.**
Attorneys for Defendants


By:___/s/ *Amber M. Spataro*_____
     Amber M. Spataro

Dated:  May 19, 2020

# EXHIBIT A

**SUMMONS**

Attorney(s) Savo Schalk Gillespie O'Grodnick & Fisher

Office Address  56 East Main Street, Suite 301

Town, State, Zip Code  Somerville, NJ 08876

_____

Telephone Number  (908) 526-0707

Attorney(s) for Plaintiff _____

GILBERT WRAITH

_____

      Plaintiff(s)

   vs.

WAYFAIR, INC. AND WAYFAIR,

LLC,

      Defendant(s)

# Superior Court of
# New Jersey

Middlesex_____ County

Law_____ Division

Docket No: MID-L-002371-20_____

# CIVIL ACTION
# SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

                                   *Michelle M Smith*
                                   Clerk of the Superior Court

DATED:  04/17/2020_____

Name of Defendant to Be Served:  Wayfair, Inc. and Wayfair, LLC

Address of Defendant to Be Served:  48 Station Road, Cranberry, New Jersey

SAVO, SCHALK, GILLESPIE, O'GRODNICK & FISHER, P.A.
Charles Z. Schalk, Esq. (NJ Bar ID# 020621991)
56 East Main Street, Suite 301
Somerville, New Jersey 08876
(908) 526-0707; (908) 725-8483 (fax); schalk@centraljerseylaw.com
Attorneys for Plaintiff Gilbert Wraith

| | |
|---|---|
| GILBERT WRAITH, <br><br> Plaintiff, <br><br> vs. <br><br> WAYFAIR INC. and <br> WAYFAIR LLC, <br><br> Defendants. | : SUPERIOR COURT OF NEW JERSEY <br> : LAW DIVISION:MIDDLESEX COUNTY <br> : DOCKET NO. <br> : <br> : <br> :   Civil Action <br> : <br> :   COMPLAINT AND JURY DEMAND <br> : <br> : <br> : |

Plaintiff, Gilbert Wraith, an individual residing at 114 South 16th Avenue #2, Borough of

Manville, County of Somerset, State of New Jersey, by way of complaint against the defendants,

says:

## INTRODUCTION

1.    At all relevant times, defendants Wayfair Inc. and Wayfair LLC (hereinafter

collectively referred to as "Wayfair" or the "company" or the "defendants"), was and are

companies with offices and facilities located at 48 Station Road, Township of Cranbury, County

of Middlesex, State of New Jersey.

2.      The New Jersey Workers Compensation Act ("WCA") prohibits retaliation against an employee because he has pursued or exercised his rights under the workers compensation statute.

3.      The New Jersey Law Against Discrimination ("LAD") provides that it is unlawful to discriminate against persons in their employment due to their disability and requires that an employer reasonably accommodate an employee's disability.

4.      The New Jersey Paid Sick Leave Law ("PSLL") provides that no employer shall take retaliatory personnel action or discriminate against an employee because the employee requests or uses earned sick leave, and there is a rebuttable presumption of adverse retaliatory personnel action whenever an employer takes retaliatory action within 90 days of when the employee utilizes his rights.

5.      It is unlawful for an employer to withhold these protections or discriminate or terminate an employee who attempts to exercise his rights.

6.      These laws provide significant penalties for wrongdoing including compensatory damages, lost wages and benefits, reinstatement with back pay, financial penalties, payment of attorney's fees and costs, and punitive damages.

7.      Plaintiff Gilbert Wraith is a 34 year-old married man who began his employment at Wayfair's warehouse facility located in Cranbury, New Jersey on October 1, 2019 as a warehouseman earning $16.50 per hour (projected annually with overtime approximately $47,190) plus benefits.

8.      On Monday, February 3, 2020, the plaintiff suffered a disabling workers compensation injury to the rotator cuff of his right shoulder.

2

9. The plaintiff reported his workers compensation injury to Wayfair and was told to go home and rest the injury.

10. On Tuesday, February 4, 2020, the plaintiff returned to work but his supervisor instructed him to leave claiming there was no light duty available and failed to engage in any interactive process nor provide him any reasonable accommodation for his disability.

11. Following this the same day, the plaintiff went to see the doctor and the doctor placed him out of work.

12. The plaintiff's workers compensation claim for benefits was filed and approved by Wayfair on February 6, 2020.

13. On Friday, February 7, 2020, Wayfair's Human Resources representative told the plaintiff that if he was unable to report to work, there are not many protections and there was no light duty.

14. The plaintiff was advised by Wayfair to use his PTO and paid sick leave mandated by the state which he did.

15. Also on February 7, 2020, Jasmeet Kaur, a Wayfair Human Resources representative, wrote in an e-mail to The plaintiff, "Workers Comp is NOT a protected leave".

16. On Thursday, February 13, 2020, the plaintiff had an MRI conducted of his shoulder, and on Friday, February 14, 2020, received his results that he had a rotator cuff injury.

17. The plaintiff was later additionally diagnosed with shoulder impingement syndrome and received steroid shots for treatment.

18. As a result of his work injuries, the plaintiff pursued claims for relief under the WCA.

3

19.    While out on sick leave receiving medical treatment for and recovering from his workers compensation injuries, the plaintiff was unlawfully terminated by Wayfair management on Tuesday, February 18, 2020, a mere two weeks after being seriously hurt on the job.

20.    Despite being a large employer with many employees and resources, and despite being able to accommodate the leave before, the company suddenly claimed that continuing his workers compensation medical leave was somehow creating a hardship and terminated the plaintiff.

21.    Under the New Jersey Workers Compensation Act, it is illegal to retaliate against or terminate an employee because he has pursued or exercised his rights under the workers compensation statute.

22.    Under the New Jersey Law Against Discrimination, it is unlawful for an employer to discriminate due to an employee's disability and to fail to reasonably accommodate an employee's disability which requires medical leave.

23.    Under the New Jersey Paid Sick Leave Law, it is illegal to take retaliatory personnel action or discriminated against an employee because the employee requests or uses earned sick leave, and there is a rebuttable presumption of adverse retaliatory personnel action whenever an employer takes retaliatory action within 90 days of when the employee utilizes his rights.

24.    Unfortunately, Wayfair and its management team violated these laws.

25.    With ongoing serious medical conditions to contend with, the plaintiff is now unemployed, left with the prospect of attempting to find replacement employment in a difficult economy with compromised health, with the blemish of a termination on his record, while trying

4

to keep himself healthy with significant medical conditions and necessary medical treatment required without medical coverage.

26.     It is likely to take a significant length of time to find new employment, and if and when the plaintiff is able to find replacement employment, it is likely that he will have to take a substantial cut in compensation and benefits.

27.     In addition, at great additional cost, the plaintiff now has to scramble to find medical coverage for medical treatment.

28.     Furthermore, the unexpected termination has left him devastated emotionally, and the plaintiff suffers from depression, stress, humiliation, sleep difficulties, distress, embarrassment, and nervousness.

29.     As a direct, foreseeable and proximate result of the defendants' unlawful conduct, the plaintiff has suffered and will continue to suffer substantial losses in earnings, benefits, reputation, job experience, retirement benefits and other benefits that he would have received absent defendants' unlawful conduct.

30.     As a further direct, foreseeable and proximate result of the above-mentioned acts, the plaintiff has suffered and will continue to suffer humiliation, mental pain and anguish, embarrassment, emotional distress, and pain and suffering.

31.     The plaintiff has incurred and will continue to incur significant legal expense in prosecuting these claims.

32.     The plaintiff is informed and believes, and based thereon alleges, that the outrageous conduct of the defendants was done with malice, with a conscious disregard of him rights, with the intent, design and purpose of injuring him.

5

33.    By reason thereof, the plaintiff is entitled to punitive damages from the defendants in a sum according to proof at trial.

## COUNT ONE (WCA)

34.    The plaintiff repeats his allegations contained in the Introduction as though fully set forth herein.

35.    This action is brought pursuant to the New Jersey Workers Compensation Act ("WCA"), N.J.S.A. 34:15-39.1 which provides that it is unlawful for an employer to discharge or in any way discriminate against an employee because the employee has claimed or attempted to claim workers compensation benefits from the employer.

36.    The defendants' conduct as alleged in the complaint constitutes unlawful employment practices, unlawful discrimination and retaliation in violation of the WCA.

WHEREFORE, plaintiff Gilbert Wraith  requests judgment against defendants Wayfair Inc. and Wayfair LLC for the following:

a.    Compensatory damages, including lost wages (back and front pay), lost benefits, emotional distress damages, and monetary loss;

b.    Punitive damages;

c.    Attorneys' fees  (including enhancements and multipliers) and costs of suit;

d.    Prejudgment interest; and

e.    Such other and further relief as the court may deem appropriate.

## COUNT TWO (LAD - DISABILITY)

37.    The plaintiff repeats his allegations contained in the Introduction and Count One as though fully set forth herein.

6

38.     This action is brought pursuant to New Jersey's Law Against Discrimination,

N.J.S.A. 10:5-1, *et seq.*, which prohibits discrimination against individuals because of disability

or perceived disability in the terms, conditions or privileges of employment.

39.     The defendants' conduct as alleged in the complaint constitutes unlawful

employment practices, unlawful discrimination and failure to accommodate in violation of New

Jersey's Law Against Discrimination, N.J.S.A. 10:5-1, *et seq.*

WHEREFORE, plaintiff Gilbert Wraith requests judgment against defendants Wayfair

Inc. and Wayfair LLC for the following:

   a.     Compensatory damages, including lost wages (back and front pay), lost benefits,
          emotional distress damages, and monetary loss;

   b.     Punitive damages;

   c.     Attorneys' fees (including enhancements and multipliers) and costs of suit;

   d.     Prejudgment interest; and

   e.     Such other and further relief as the court may deem appropriate.

### COUNT THREE (PSLL)

40.     The plaintiff repeats his allegations contained in the Introduction as though fully

set forth herein.

41.     This action is brought pursuant to the New Jersey Paid Sick Leave Law ("PSLL")

which provides that no employer shall take retaliatory personnel action or discriminate against an

employee because the employee requests or uses earned sick leave, and there is a rebuttable

presumption of adverse retaliatory personnel action whenever an employer takes retaliatory

action within 90 days of when the employee utilizes his rights.

7

42.     The defendants' conduct as alleged in the complaint constitutes unlawful

employment practices, unlawful discrimination and retaliation in violation of the PSLL.

WHEREFORE, plaintiff Gilbert Wraith requests judgment against defendants Wayfair

Inc. and Wayfair LLC for the following:

a.      Compensatory damages, including lost wages (back and front pay), lost benefits,
        emotional distress damages, and monetary loss;

b.      Punitive damages;

c.      Attorneys' fees  (including enhancements and multipliers) and costs of suit;

d.      Prejudgment interest; and

e.      Such other and further relief as the court may deem appropriate.

SAVO, SCHALK, GILLESPIE, O'GRODNICK & FISHER, P.A.
Attorneys for Plaintiff Gilbert Wraith


By:  Charles Z. Schalk

Dated:   4\17\20


## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Charles Z. Schalk, Esq., is hereby designated as trial counsel for
plaintiff in the above matter.


Charles Z. Schalk

Dated:   4\17\20


8

## CERTIFICATION OF NO OTHER ACTIONS

Pursuant to R. 4:5-1, it is hereby stated that the matter in controversy is not the subject of any other action pending in any other court or of a pending arbitration proceeding to the best of my knowledge or belief. Also, to the best of my knowledge, no other action or arbitration proceeding is contemplated. Further, other than the parties set forth in this pleading, I know of no other parties that should be joined in the above action. In addition, I recognize the continuing obligation of each party to file and serve on all parties and the court an amended certification if there is a change in the facts stated in the original certification.

Dated:   4\17\20

_____
Charles Z. Schalk

## JURY DEMAND

The plaintiff hereby demands a trial by jury on all of the triable issue of this complaint pursuant to R. 1:8-2(b) and R. 4:35-1(a).

Dated:   4\17\20

_____
Charles Z. Schalk

## DEMAND FOR INSURANCE

The plaintiff hereby demands that the defendants identify and produce for inspection and copying, all policies of insurance which may provide coverage for some or all of the claims asserted herein, including but not limited to, employer liability, general liability, directors and officers, and homeowners.

Dated:   4\17\20

_____
Charles Z. Schalk

9

# Civil Case Information Statement

## Case Details: MIDDLESEX | Civil Part Docket# L-002371-20

**Case Caption:** WRAITH GILBERT VS WAYFAIR, INC.

**Case Initiation Date:** 04/17/2020

**Attorney Name:** CHARLES Z SCHALK

**Firm Name:** SAVO, SCHALK, GILLESPIE, O'GRODNICK & FISHER, P.A.

**Address:** 56 EAST MAIN ST STE 301
SOMERVILLE NJ 08876

**Phone:** 9085260707

**Name of Party:** PLAINTIFF : Wraith, Gilbert

**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

Do parties have a current, past, or recurrent relationship? YES

If yes, is that relationship: Employer/Employee

Does the statute governing this case provide for payment of fees by the losing party? YES

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:


Do you or your client need any disability accommodations? NO
  If yes, please identify the requested accommodation:


Will an interpreter be needed? NO
  If yes, for what language:


Please check off each applicable category: Putative Class Action? NO   Title 59? NO   Consumer Fraud? NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

04/17/2020
Dated

/s/ CHARLES Z SCHALK
Signed

# EXHIBIT B

Amber M. Spataro, Esq. (NJ Bar #036892008)
Scott C. Silverman (N.J. Bar No. 137112015)
**LITTLER MENDELSON, P.C.**
A Professional Corporation
One Newark Center, Eighth Floor
Newark, New Jersey  07102
973.848.4700
Attorneys for Defendants

---

| | |
|---|---|
| GILBERT WRAITH,<br><br>                    Plaintiff,<br><br>vs.<br><br>WAYFAIR INC. AND WAYFAIR LLC,<br><br>            Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MIDDLESEX COUNTY<br><br>DOCKET NO: MID-L-002371-20<br><br>             Civil Action<br><br>     **NOTICE OF FILING OF**<br>     **NOTICE OF REMOVAL** |

**TO:**    **Deputy Clerk of the Superior Court,**
          **Middlesex Vicinage**
          **2nd Floor - Tower**
          **56 Paterson Street, P.O. Box 2633**
          **New Brunswick, NJ 08903-2633**

**SIR OR MADAM:**

     **PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Wayfair

Inc. (hereinafter, "Wayfair") and Wayfair LLC ("LLC") (collectively, "Defendants") have filed a

Notice of Removal of the above-captioned action in the United States District Court for the District of

New Jersey.

     Attached hereto as **Exhibit A** is a copy of the Notice of Removal of this case.  Upon filing of

this Notice of Filing of Notice of Removal, Defendants shall give written notice thereof to Savo,

Schalk, Gillespie, O'Grodnick & Fisher, P.A., 56 East Main Street, Suite 301, Somerville, New Jersey

08876, attorney for Plaintiff Gilbert Wraith ("Plaintiff").

Pursuant to 28 U.S.C. §1446(d), the filing of the Notice of Removal in the United States District Court for the District of New Jersey, together with the filing of a copy of the Notice of Removal with this Court, effects the removal of this action, and this Court may proceed no further unless and until the action is remanded.

**LITTLER MENDELSON, P.C.**
Attorneys for Defendants

By:   _/s/Amber M. Spataro__

Dated:  May 19, 2020                          Amber M. Spataro

## **CERTIFICATION OF SERVICE**

I, AMBER M. SPATARO, certify that on this date I caused a copy of this Notice of Filing of Notice of Removal (with a copy of the Notice of Removal attached) to be served via e-mail and regular mail on Savo, Schalk, Gillespie, O'Grodnick & Fisher, P.A., 56 East Main Street, Suite 301, Somerville, New Jersey 08876, attorney for Plaintiff Gilbert Wraith.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.


By: */s/Amber M. Spataro*_____

Dated:  May 19, 2020                                  Amber M. Spataro

# EXHIBIT C

Amber M. Spataro, Esq. (NJ Bar #036892008)
Scott C. Silverman (N.J. Bar No. 137112015)
**LITTLER MENDELSON, P.C.**
A Professional Corporation
One Newark Center, Eighth Floor
Newark, New Jersey  07102
973.848.4700
Attorneys for Defendants

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GILBERT WRAITH,<br><br>                    Plaintiff,<br><br>vs.<br><br>WAYFAIR INC. AND WAYFAIR LLC,<br><br>                    Defendants. | Civil Action No.   1:20-cv-6054<br><br><br>**NOTICE TO ADVERSE PARTY OF FILING OF NOTICE OF REMOVAL**<br><br>_**Electronically Filed**_ |

**TO:    Charles Z. Schalk, Esq.**
**Savo, Schalk, Gillespie, O'Grodnick & Fisher, P.A.**
**56 East Main Street, Suite 301**
**Somerville, New Jersey 08876**

**PLEASE TAKE NOTICE** that Wayfair Inc. (hereinafter, "Wayfair") and Wayfair LLC ("LLC") (collectively, "Defendants") in the action filed in the New Jersey Superior Court, Law Division, Middlesex County, bearing Docket No. MID-L-002371-20, have filed a Notice of Removal to the United States District Court for the District of New Jersey on this 29th day of April, 2020 pursuant to 28 U.S.C. §§1441 and 1446.

A copy of such Notice of Removal is attached hereto.

**LITTLER MENDELSON, P.C.**
Attorneys for Defendants


By:    /s/ _Amber M. Spataro_
         Amber M. Spataro

Dated:  May 19, 2020